UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MILFORD WASHINGTON,
#1084114 (345332),

        Petitioner,

v.                                      ACTION NO. 2:10cv100

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for a writ of habeas corpus.

Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

# I. STATEMENT OF THE CASE

## A. Background

Petitioner Milford Washington ("Washington") is currently serving a Virginia prison sentence consisting of multiple sentences from the Circuit Courts for the City of Alexandria, as well as the County of Stafford, for various crimes including fraud, uttering, forgery of checks and use of a false name. Washington was sentenced to a total of eight years and sixty-nine months. Washington is presently serving his term of imprisonment in the Haynesville Correctional Unit in Haynesville, Virginia.

Washington filed a habeas petition in the Supreme Court of Virginia on July 8, 2009, asserting the Virginia Department of Corrections had not awarded him jail credit for the period June 23, 2004, through February 17, 2005. The Supreme Court of Virginia dismissed the petition on the merits on December 21, 2009.

Washington filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 1, 2010. Respondent filed a Rule 5 Answer and Motion to Dismiss on August 16, 2010. Washington filed a response to the Motion to Dismiss on August 24, 2010. Accordingly, the matter is now ripe for adjudication.

Washington filed a Motion for Leave to File a Memorandum in Support of § 2254 Petition (ECF No. 26) on October 7, 2010, requesting leave to file "more detailed calculations and arguments." Washington has responded to the Motion to Dismiss, and no further briefing will be considered. Therefore, Washington's motion is DENIED.

## B. Ground Alleged

Washington asserts he is entitled to relief under 28 U.S.C. § 2254 because the Department of Corrections failed to properly compute his sentence credit for time spent in the Rappahannock

Regional Jail and as a result miscalculated his release date. (Mem. in Support of Pet. at 2, ECF No. 1.)

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Washington's petition for a writ of habeas corpus to the Supreme Court of Virginia contained the same claim raised in the present petition; therefore, Washington's present petition meets the exhaustion requirement.

### B. Standard of Review

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[1] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits," Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## C. Merits

The Supreme Court of Virginia, on December 21, 2009, decided Washington's petition for habeas corpus was "without merit." Washington v. Director of the Department of Corrections, et al., Record No. 091472 (Va. S.Ct. Dec. 21, 2009). The Court explained, "[t]he record, including the affidavit of Wendy K. Brown, Manager of the Court and Legal Services Section of the Virginia Department of Corrections, demonstrates that petitioner's sentence has been properly calculated and he has received all the credit to which he is entitled." Id.

Washington argues the time he spent in the Rappahannock Regional Jail between the time of his "arrest" on the Alexandria charges, which he calculates occurred on June 23, 2004, when he signed his waiver of rights, and his transport to Alexandria for trial on February 17, 2005, has not been accurately credited by the Virginia Department of Corrections. (Mem. in Support of Pet. at 3-18.) Wendy K. Brown, Manager of the Court and Legal Services Section for the Department of Corrections, stated in her affidavit that Washington has received credit for the time spent in the

Rappahannock Regional Jail (297 days) from April 26, 2004 through February 17, 2005. (Brown Aff. ¶ 10, ECF No. 21-4.) Brown explained Washington was sentenced by the Stafford Circuit Court and the Alexandria Circuit Court, to a total of eight years and sixty-nine months, and was credited for all time spent in jail prior to his convictions. (Brown Aff. ¶¶ 5-7.) The Legal Update dated July 19, 2005, which is attached to Brown's Affidavit, reflects the sentences and the legal credit. (Brown Aff. Ex. B, ECF No. 21-5 at 8.) The Supreme Court of Virginia relied on Brown's Affidavit to find Washington's petition lacked merit. The Supreme Court of Virginia did not err with respect to its application of federal law, or its determination of the facts. Therefore, the Court recommends denying Washington's petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Washington's petition for a writ of habeas corpus (ECF No. 1) be DENIED and the respondent's motion to dismiss (ECF No. 20) be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or

specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 21, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Milford Washington, #1084114 (345332)
Haynesville Correctional Center
P.O. Box 129
Haynesville, VA 22472


Mark R. Davis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

January 2/, 2011